**Morrison Cohen**

Jason Gottlieb
Partner
(212) 735-8837
jgottlieb@morrisoncohen.com

July 22, 2026

**VIA ECF**

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:     *Pagan, et al. v. Lu, et al.*, Case No. 1:26-cv-3608-BMC

Dear Judge Cogan:

We represent Defendant Euclid Labs, Inc. d/b/a Magic Eden ("Euclid Labs").[1]  I write pursuant to Section III.B.2 of the Court's Individual Practices to respectfully request a pre-motion conference regarding Euclid Labs' proposed motion pursuant to Fed. R. Civ. P. 12(b)(2) and (6) to dismiss the Complaint (Dkt. No. 1, the "Complaint" or the "Compl.").

This case concerns a digital asset called "$ME."  Compl. ¶ 50.  Plaintiffs do not allege any statement that was false when made.  Instead, they allege that Defendants "represented that $ME would be tied to a growing multi-chain platform," but that "the use cases did not materialize as represented."  *Id.* ¶¶ 3-4.  Plaintiffs bring claims for violations of New York General Business Law ("GBL") §§ 349-50, negligent misrepresentation, and unjust enrichment.

The Complaint should be dismissed for multiple reasons.  <u>First</u>, the Court lacks personal jurisdiction over Euclid Labs.  Euclid Labs – as a Delaware corporation with its principal place of business in California, Compl. ¶ 45 – is not subject to general jurisdiction in New York.  Instead, Plaintiffs allege that specific jurisdiction exists under CPLR 302(a)(1)-(3).  Compl. ¶¶ 60-62.  The Complaint contains no factual allegations fulfilling any of the three prongs of CPLR 302(a).

**CPLR 302(a)(1)** (transaction of business in New York).  The Complaint contains no non-conclusory facts of any business transacted by Euclid Labs in New York.  The Complaint alleges that Euclid Labs co-hosted a "Degen Yacht Party" in 2022 and a follow-up "Degen Yacht Party" on April 3, 2024, the latter of which was attended by Plaintiff Jaime Pagan.  Compl. ¶¶ 23, 61.  But a yacht party is not a transaction of business in New York.  *See Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 156 (2d Cir. 1996) ("social calls" with "professionals in the finance industry" did not constitute the transaction of business under CPLR 302(a)(1)).  Plaintiffs do not allege that any statements that form the basis of Plaintiffs' claims were made at the yacht party, and do not allege that Pagan's decision to acquire $ME tokens had anything to do with the yacht party.  Nor could they, because the yacht parties predated the $ME launch by years and months, respectively.  Compl. ¶ 7.  The Complaint further alleges that "Magic Eden transacted business

---

[1]     To Euclid Labs's knowledge, no other Defendants have been served with process.

July 22, 2026
Page 2

in New York by marketing, soliciting, and servicing users in New York." Compl. ¶ 62. But "general marketing efforts, including its website and email campaigns" do not satisfy 302(a)(1). *Goldman v. Trinity Sch. of Med. Through Bd. of Trs.*, 2025 WL 1099088, at *2 (2d Cir. Apr. 14, 2025).

**CPLR 302(a)(2)** (tortious act within the state). The Complaint contains no allegations that any Defendant committed any tortious acts within the state of New York, and thus Plaintiffs cannot satisfy CPLR 302(a)(2).

**CPLR 302(a)(3)** (tortious act without the state causing injury to person or property within the state). In addition to failing to allege any tortious acts, the Complaint does not allege an "injury to person or property within the state." "It is well-settled that residence or domicile of the injured party within New York is not a sufficient predicate for jurisdiction under section 302(a)(3) … The suffering of economic damages in New York is insufficient, alone, to establish a direct injury in New York for N.Y. C.P.L.R. § 302(a)(3) purposes." *Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 218 (2d Cir. 2013) (citation modified). Any potential loss suffered by Plaintiffs – such as "overpayment and inflated-price injury," Compl. ¶ 211 – would be solely economic, and thus cannot provide a basis for jurisdiction. Plaintiffs further plead no facts satisfying either subsection of CPLR 302(a)(3); they do not allege that Euclid Labs "derives substantial revenue from goods used or consumed or services rendered" in New York or "derives substantial revenue from interstate or international commerce."

Likewise, for the same reasons why Plaintiffs do not satisfy CPLR 302(a), the exercise of specific jurisdiction over Euclid Labs would not comport with due process. *See Celestin v. Martelly*, 698 F. Supp. 3d 443, 473 (E.D.N.Y. 2023) (no specific jurisdiction over defendant that operates "website that enables New Yorkers to purchase and use [defendant's] services."). The fact that one Plaintiff is a citizen of New York, Compl. ¶ 23, is insufficient to confer specific jurisdiction. *See JCorps Int'l, Inc. v. Charles & Lynn Schusterman Family Found.*, 828 F. App'x 740, 745 (2d Cir. 2020) (no minimum contacts where "the only connection between Defendants and New York is the fact that [plaintiff] is domiciled there").

Second, the Complaint fails to state a claim against Euclid Labs.

**GBL §§ 349-50**. In order to establish GBL claims, there must be a "sufficient nexus between [plaintiff's] transactions … and New York." *Cruz v. FXDirectDealer*, LLC, 720 F.3d 115, 122 (2d Cir. 2013). Two of the Plaintiffs are non-New Yorkers. Compl. ¶¶ 24-25. And even for the one Plaintiff residing in New York, Compl. ¶ 23, there are no non-conclusory facts that Plaintiffs' specific $ME transactions took place in New York. *See Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 234 (E.D.N.Y. 2013) (dismissing GBL § 349 claim even though Plaintiff was a resident of New York). Plaintiffs separately fail to meet the elements of either claim because the alleged misrepresentations were not false or misleading when made. Plaintiffs concede that the "Complaint does not rest on any single misstatement." Compl. ¶ 161.



July 22, 2026
Page 3

Instead, Plaintiffs' theory is that Defendants engaged in "a series of economically coherent acts designed to create and preserve the impression that $ME was a use-case-driven, governance-empowered, revenue-sharing token tied to a growing multi-chain platform," but later pivoted to a different strategy that undermined these use cases.  Compl. ¶¶ 161-74.  Statements that later allegedly became inaccurate due to a strategy shift are not actionable.  *See Ellinghaus v. Educ. Testing Serv.*, 2016 WL 8711439, at *8 (E.D.N.Y. Sept. 30, 2016).  The GBL claims also should be dismissed because although the Complaint vaguely alleges that Plaintiffs saw the "public marketing campaign concerning $ME," Compl. ¶¶ 23-25, there are no allegations concerning when Plaintiffs saw such campaign, or how the statements caused any Plaintiff to enter any specific transaction.  *De Leon v. DraftKings, Inc.*, 2025 WL 3551627, at *5 (S.D.N.Y. Dec. 11, 2025) (dismissing GBL claims where "[t]he FAC does not identify the advertisement seen or heard by any of the named plaintiffs and on which it asserts they relied").

**Negligent misrepresentation**.  Just like the GBL claims, the negligent misrepresentation claim should be dismissed because "the alleged misrepresentation must be factual in nature and not promissory or relating to future events that might never come to fruition."  *Frio Energy Partners, LLC v. Finance Tech. Leverage, LLC*, 680 F. Supp. 3d 322, 347 (S.D.N.Y. 2023) (citation modified).  Additionally, "New York strictly limits negligent misrepresentation claims to situations involving actual privity of contract between the parties or a relationship so close as to approach that of privity."  *Anschutz Corp. v. Merrill Lynch & Co., Inc.*, 690 F.3d 98, 114 (2d Cir. 2012) (citation modified).  Crucially, "where the statement at issue is directed at a faceless o[r] unresolved class o[f] persons, no duty of care arises."  *Patellos v. Hello Prods., LLC*, 523 F. Supp. 3d 523, 535 (S.D.N.Y. 2021) (citation modified).  The Complaint fails to allege any privity-like relationship with Euclid Labs.  Further, the Complaint does not sufficiently allege reliance.

**Unjust enrichment**.  The unjust enrichment claim should be dismissed as duplicative of the GBL and negligent misrepresentation claims.  *See Chimienti v. Wendy's Int'l,* LLC, 698 F. Supp. 3d 549, 563 (E.D.N.Y. 2023); *Stoltz v. Fage Dairy Processing Industry, S.A.*, 2015 WL 5579872, at *27 (E.D.N.Y. Sept. 22, 2015).  The claim also fails because "an adequate remedy at law exists."  *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l, N.V.*, 400 Fed. App'x 611, 613 (2d Cir. 2010) (citation omitted).  Finally, the Complaint fails to plead that Euclid Labs was enriched at Plaintiffs' expense; Plaintiffs do not allege that they purchased any $ME tokens from Euclid Labs.  *See Techno-Comp, Inc. v. Arcabascio*, 130 F. Supp. 3d 734 (E.D.N.Y. 2015) ("[T]he connection between [the parties] is too attenuated to support a claim for unjust enrichment.").

We are available for a conference at the Court's convenience.

Respectfully submitted,

*/s/ Jason Gottlieb*

Jason Gottlieb