Morrison Cohen

Jason Gottlieb
Partner
(212) 735-8837
jgottlieb@morrisoncohen.com

August 13, 2026

**VIA ECF**

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Pagan, et al. v. Lu, et al.*, Case No. 1:26-cv-03608-BMC

Dear Judge Cogan:

This firm represents Defendant Zhuoxun Yin ("Yin"). We make this special appearance without waiver of service of process (or other jurisdictional defenses), and write pursuant to Section III.B.2 of the Court's Individual Practices to respectfully request a pre-motion conference regarding Yin's proposed motion pursuant to Fed. R. Civ. P. 12(b)(2), (5), and (6) to dismiss the Complaint (Dkt. No. 1, the "Complaint" or the "Compl.").

Plaintiffs have failed to properly serve Yin. On August 11, 2026, Plaintiffs filed a purported proof of service as to Yin. Dkt. No. 24 (the "Proof of Service"). The Proof of Service does not allege that Plaintiffs' process server served Yin directly. Instead, the Proof of Service provides that the process server "left the summons at the individual's residence or usual place of abode with John Doe, a person of suitable age and discretion who resides at 8539 BEDINGTON DR SE, OLYMPIA, WA 98513, on 07/23/2026 at 6:23 PM, and mailed a copy to the individual's last known address." The process server's notes at the bottom of the Proof of Service state that "I delivered the documents, Complaint; Summons; RIDER TO SUMMONS, to an individual who refused to give their name who identified themselves as the subject's aunt, co-resident. The individual accepted service with direct delivery. The individual appeared to be a gray-haired Asian female contact over 65 years of age, 5'-5'4" tall and weighing 140-160 lbs with an accent."

Plaintiffs' process server did not follow the law. Rule 4(e)(2)(B) requires the process server to leave a copy of the papers "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." The Olympia, Washington address contained in the Proof of Service is not Yin's dwelling or usual place of abode. He does not currently live at that address; and indeed he has never lived there. That address is his in-laws' residence. In support of his putative motion, Yin will file a declaration stating that the Olympia address is not his dwelling or usual place of abode, and that no one accepted service on his behalf at such address. *See, e.g.*, *Wilmington PT Corp. v. Parker*, 2021 WL 4122992, at *2 (E.D.N.Y. Sept. 9, 2021) (service not proper where defendant established that the property where alleged service occurred was not defendant's dwelling or usual place of abode).

The service attempt also does not satisfy Rule 4(e)(1), because both New York and Washington state have similar rules and do not permit service at a residence that is not the

defendant's dwelling or usual place of abode. *See Tokio Marine & Nichido Fire Ins. Co. v. Canter*, 2009 WL 2461048, at *10 (S.D.N.Y. Aug. 11, 2009) (finding that attempted service was insufficient under New York law because defendant's parents' apartment was not defendant's "dwelling place or usual place of abode" at the time of service); *Gross v. Evert-Rosenberg*, 933 P.2d 439, 440 (Wash. Ct. App. 1997) (finding that defendant was not properly served under Washington law even though defendant still owned the house in question and defendant's daughter and son-in-law lived in the house).

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Plaintiffs should not be permitted to use a bogus address to evade this fundamental responsibility. Even worse, Plaintiffs waited nineteen days after the purported service to file the Proof of Service on the docket, causing Yin to have to scramble to file this letter in two days (because, of course, he didn't know that Plaintiffs were taking the position that he had been served). Plaintiffs' bad faith tactics should not be countenanced.

Even if Plaintiffs eventually serve Yin with process, the Complaint should be dismissed as against Yin for multiple other reasons, including that the Court lacks personal jurisdiction over Yin. The Complaint alleges that "Yin is an Australian national residing in the United States." Compl. ¶ 36. In fact, Yin no longer resides in the United States, and when he previously lived in the United States, he never lived in New York. There is no general jurisdiction over him.

Plaintiffs assert that specific jurisdiction exists under CPLR 302(a)(1)-(3). Compl. ¶¶ 60-64. But Plaintiffs do not make any non-conclusory allegations of contacts between Yin and New York. Plaintiffs do not allege any facts showing that Yin transacted any business in New York, do not allege that he committed any tort within the state, and do not allege that he committed any tort without the state causing injury to person or property within the state. For similar reasons, the exercise of jurisdiction over Yin would not comport with due process.[1]

Aside from basic biographical information, the Complaint merely alleges that Yin co-founded and is the COO of Euclid Labs, "made product announcements, cross-chain strategy updates, and public representations about the $ME ecosystem through his X account and media appearances," including appearing on a podcast "to announce the $ME token." Compl. ¶¶ 36-38. Plaintiffs further allege that Yin (and other Defendants) "had superior knowledge about every material fact at issue." *Id.* ¶ 184. But a plaintiff must establish jurisdiction "separately over each defendant." *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 135 (S.D.N.Y. 2021). The Complaint does not allege that Yin himself made the representations that comprise Plaintiffs' claims. Moreover, vague allegations about statements broadcast worldwide

[1] Yin adopts and incorporates by reference the arguments made by Euclid Labs in support of its motion to dismiss for lack of personal jurisdiction (Dkt. No. 19, the "Euclid Labs Letter").

do not support jurisdiction. *See, e.g.*, *In re EHang Holdings Ltd. Sec. Litig.*, 646 F. Supp. 3d 443, 458 (S.D.N.Y. 2022) (dismissing complaint for lack of personal jurisdiction because "Xiong's posts and Tweets were not statements that Plaintiffs challenged as materially false or misleading" and were not directed at forum); *see also Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("the plaintiff cannot be the only link between the defendant and the forum.").

In addition to adopting and incorporating by reference the Euclid Labs Letter, which establishes several bases for dismissal that apply equally to Yin, Yin submits that the Complaint also fails to state a claim against Yin for reasons specific to him.

**GBL §§ 349-50**. As noted above, the Complaint vaguely asserts that Yin made product announcements and public statements, but the Complaint fails to allege that he made any misrepresentations that comprise Plaintiffs' claims. *See Saphirstein v. Mauzone Mania LLC*, 2017 WL 3278893, at *3 (E.D.N.Y. July 31, 2017) (dismissing GBL §§ 349 and 350 claims due to lack of allegations that certain defendants "themselves are liable for the alleged nutritional mislabeling").

**Negligent misrepresentation**. Just like the GBL claims, the negligent misrepresentation claims fail because there are no allegations that Yin himself made the representations in question. *See In re Fyre Festival Litig.*, 399 F. Supp. 3d 203, 219 (S.D.N.Y. 2019) (dismissing negligent misrepresentation claims because, among other reasons, statements are "not attributable" to two individual defendants).

**Unjust enrichment**. The claim fails because the Complaint does not allege that Yin himself was enriched at Plaintiffs' expense; there is no relationship between Plaintiffs and Yin whatsoever.

Finally, Euclid Labs' forthcoming reply brief (due August 14, 2026) further argues that Plaintiffs cannot maintain a class action and the Court should decline to exercise supplemental jurisdiction over the remaining claims. Yin adopts and incorporates this argument by reference.

We are available for a conference. If the Court prefers, we are prepared to discuss the issues set forth in this letter at the hearing scheduled for August 20, 2026, and we have no objection to Plaintiffs filing a short response before that date. If the Court is minded to adjourn the August 20, 2026 hearing in light of the Proof of Service and this letter, Yin's counsel is unavailable the weeks of August 24 and August 31 due to pre-existing travel commitments.

Respectfully submitted,

*/s/ Jason Gottlieb*

Jason Gottlieb